given by the landlord, namely, that the new owner demanded posses-
sion of him, has, neither in form nor in fact, any relation to the ac-
tion of Shrady v. Appley, nor to the judgment therein.

There is not only no evidence in the case that the lease was termi-
nated or in any way vacated by that suit or the judgment therein, but,
on the contrary, from the interlocutory decree it would appear that
neither the pendency nor the termination of that action could vacate
the lease.   It was evident, therefore, that pursuant to the terms of
the lease the defendant terminated it, and the plaintiff was entitled to
the $750 therein provided.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.   All concur.

---

### In re ESMOND et al.

(Supreme Court, Appellate Division, Second Department.   June 23, 1911.)

WILLS (§ 759*)—CONSTRUCTION—ADVANCEMENTS.

    Testator, having advanced $37,000 to his son, since deceased, executed
a will providing that such amount should be added to his estate, which
should then be divided into three parts after the payment of debts, and
each of such parts should be disposed of to his three children.   *Held*,
that a grandson, son of the child to whom the advancement was made,
was only entitled to his father's share, after deducting the amount of
the advancement.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1961–1966; Dec.
Dig. § 759.*]

    Jenks, P. J., dissenting.

Appeal from Surrogate's Court, Orange County.

Judicial settlement of the accounts of Darwin W. Esmond and an-
other, as trustees of the estate of Alfred Bridgeman, deceased.   From
a surrogate's decree settling the accounts, objector appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
WOODWARD, and RICH, JJ.

F. W. Clifford, for appellant.

Albert H. F. Seeger and William Vanamee, for respondents.

WOODWARD, J.   Alfred Bridgeman, a resident of Newburgh,
N. Y., died leaving a last will and testament, which was duly admitted
to probate on the 20th day of June, 1903, and the appeal now before
this court is from a decree of the surrogate of Orange county ju-
dicially settling the accounts of Darwin W. Esmond and J. Bradley
Scott, executors and trustees under said last will.

The will is clear and unambiguous.   It is not open to any reason-
able question of intention, and yet we are asked to overrule the
learned surrogate, who has decreed that the obvious language of the
testator is to be given its full effect.   The testator had three children,
one son and two daughters.   The son appears to have had advances
aggregating about $37,000.   The will clearly provides that this
amount shall be added to the estate, and that it shall then be divided

---

into three equal parts, after the payment of debts, etc., and each of these parts are disposed of to the three children. Testator's son is dead, and the appellant is a son of the testator's son, and he now claims that he is entitled to one-third of the estate, without the repayment of the $37,000 which had been advanced to his father. Aside from the unfairness of the proposition, the language of the will is so clearly against the construction contended for that it would be a waste of time to discuss the question.

The decree of the surrogate should be affirmed, with costs.

HIRSCHBERG, BURR, and RICH, JJ., concur. JENKS, P. J., dissents.